HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN PETERSON, et al.,

          Plaintiffs,

v.

GRAYS HARBOR SUPERIOR COURT, et al.,

          Defendants.

CASE NO. C17-5734RBL

ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

THIS MATTER is before the Court on pro se Plaintiff Peterson's Motion for Leave to Proceed *in forma pauperis*, supported by his proposed complaint. Peterson (on behalf of himself and his minor daughter, RP) is attempting to sue the State of Washington and the Grays Harbor Superior court for "many malices." The gist appears to be Peterson's claim that RP was raped by a third party, and he is apparently unhappy with the way the state court handled either his custody case or the case arising out of the rape. He also seems to blame his ex-girlfriend, Sheena, who, he claims, lied about him in state court and abuses drugs. Peterson's handwritten complaint is very difficult to read or comprehend.

This case recites some of the same facts as another case Peterson recently sought to file here, *Peterson v Quinault Beach Resort, Cause* No. 17-5604. His IFP application in that case

was denied because he claimed he had "money for lawyers." He has revised his claim in that case, though his complaint in this case continues to allege that he is employed and is a successful musician.

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo

review, that the complaint could not be saved by any amendment.") Where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Furthermore, a federal court may dismiss a claim *sua sponte* under Fed.R.Civ..P. 12(b)(6) when it is clear that the plaintiff cannot state a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

It is not clear exactly who Peterson seeks to sue, or for what, or why this Court has jurisdiction over the subject matter or the parties. Even assuming that he is indigent, Peterson's complaint does not specify what law or statute or duty the defendant allegedly violated, or how, or even when. But it is clear that he cannot sue the state court for decisions it made in some other proceeding.

This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and

seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

Peterson cannot state a plausible claim against the superior court for its actions or decisions in the prior case. It would be futile to permit him to amend his complaint in an attempt to do so.

It is also clear that Peterson cannot represent anyone or any entity other than himself as a *pro se* litigant. Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for others than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), *cert. denied*, 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092 (1954). The real party in interest must be the person who "by substantive law has the right to be enforced." *See* C.*E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (the privilege to represent oneself *pro se* provided by section 1654 is personal to the litigant and does not extend to other parties or entities). A non-lawyer representative cannot litigate claims that are not personal to him.

Peterson cannot represent his daughter—who appears to be the real party in interest—in this or any other case, and it would be futile for him to amend his complaint to assert different facts in an attempt to do so.

1  Peterson's motion for leave to proceed in forma pauperis is DENIED. He will not be
2  permitted to amend his complaint. It is instead DISMISSED as frivolous.
3  IT IS SO ORDERED.
4  Dated this 16th day of November, 2017.

	*Ronald B. Leighton*
	Ronald B. Leighton
	United States District Judge